IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| JUSTIN COFFEY,<br><br>    Plaintiff,<br><br>v.<br><br>SUN LIFE ASSURANCE COMPANY OF CANADA,<br><br>    Defendant. | Case No. 4:17-cv-40 |

## NOTICE OF REMOVAL

Defendant Sun Life Assurance Company of Canada ("Sun Life"), pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, hereby removes this case from the 151st Judicial District Court, Harris County, Texas, ("State Court") in which it is now pending, to the United States District Court for the Southern District of Texas, Houston Division, and in support thereof states as follows:

### BACKGROUND

1.     Plaintiff Justin Coffey ("Plaintiff") commenced this action on or about November 22, 2016, by filing his Petition in the State Court.

2.     The Citation and Petition were first served on Sun Life on December 22, 2016.  Pursuant to Local Rule 81, attached hereto as <u>Exhibit A</u> is an Index of State Court Matters, which contains true and correct copies of all process, pleadings, and orders as

served upon Sun Life. Also attached hereto as <u>Exhibit B</u> is a List of Counsel including each attorney's bar number, address, telephone numbers, and parties represented.

## DIVERSITY OF CITIZENSHIP

3. There is complete diversity of citizenship.

4. Plaintiff states that he is a citizen of Texas and that he resides in Harris County, Texas. *See* <u>Petition</u> at ¶ 4.

5. Sun Life is, and was at the time this action was commenced, a corporation organized under the laws of Canada, with a port of entry for its United States branch in the State of Michigan, and its principal place of business located in Wellesley Hills, Massachusetts.

6. Diversity exists between Plaintiff and Sun Life because Plaintiff is a citizen of Texas and Sun Life is a citizen of another state. *See* 28 U.S.C. § 1332(a).

7. The Plaintiff's Petition does not allege a specific amount of damages, but it is facially apparent that the Plaintiffs' claimed damages exceed the sum of $75,000, exclusive of interest and costs. Specifically:

    a) Plaintiff alleges that he is owed unpaid long-term disability benefits in the amount of $2,203 per month for the 23 month period running from December 2014, when Sun Life allegedly terminated benefits, through November 2016, when Plaintiff filed his Petition in State Court. *See* Petition at ¶¶ 17 & 19. Such allegations alone seek damages in excess of $50,000.

    b) In addition, Plaintiff asserts statutory claims for "treble damages" for Sun Life's alleged violations of the Texas Insurance Code and the Texas Unfair

Trade Practices Act.  *See* Petition at ¶ 101.   *See* Texas Ins. Code § 541.152(b); Texas Bus. & Com. Code § 17.50(b)(1).

  c) In addition, Plaintiff asserts statutory claims for attorneys' fees pursuant to the Texas Insurance Code, the Texas Unfair Trade Practices Act, and the Texas Civil Practice and Remedies Code.  *See* Petition at ¶¶ 94, 101, & 103.  *See* Texas Ins. Code § 541.152(a)(1); Texas Bus. & Com. Code § 17.50(c); Texas Civ. Prac. & Rem. Code §§ 37.009 and 38.001.

  d) In addition, Plaintiff asserts "egregious tortuous conduct" by Sun Life which allegedly caused him to "suffer financial hardship, substantial emotional distress, mental anguish, and pain and suffering which exacerbated his depression and anxiety."  Petition at ¶¶ 76–77.

  e) In addition, Plaintiff also asserts a claim of fraudulent misrepresentation against Sun Life.  Petition at ¶ 82–83.

  f) Based on his allegations of contract, tort, fraud, unfair claims practices, and his other claims, Plaintiff further asserts that Sun Life is liable for an unspecified amount of "consequential damages to his/her economic welfare from the wrongful denial and delay of benefits; the mental anguish and physical suffering resulting from this wrongful denial of benefits; and continued impact on Plaintiff; lost credit reputation; and other actual damages permitted by law."  Petition at ¶ 98; *see also* Petition at ¶ 105.

  g) In addition, Plaintiff also seeks a recovery of unspecified "exemplary damages" and "punitive damages."  *See* Petition at ¶¶ 98 and 105.

---

      h)      In addition, Plaintiff also seeks penalties of 18% statutory interest under § 542.060 of the Texas Insurance Code.  *See* <u>Petition</u> at ¶ 89.  Pursuant to that statute, which defines such interest as "damages," and Circuit precedent, this sum, despite being expressed in terms of an interest rate, is not "interest" within the contemplation of 28 U.S.C. § 1332 and must be included in calculating the amount in controversy for jurisdictional purposes.  *See* <u>St. Paul Reinsurance Co. v. Greenberg</u>, 134 F.3d 1250, 1254–55 (5th Cir. 1998).

8.      In determining whether the jurisdictional amount required by 28 U.S.C. § 1332(a) is satisfied, this Court may properly consider Plaintiffs' claims for treble damages, statutory attorneys' fees, statutory interest damages, emotional distress, mental anguish, pain and suffering, unspecified additional consequential damages, and unspecified exemplary and punitive damages.  *See*, *e.g.*, <u>Coburn v. American General Life & Accident Ins. Co.</u>, 2013 WL 2289937 (S.D. Tex. 2013); <u>Lewis v. State Farm Lloyds</u>, 205 F. Supp. 2d 706 (S.D. Tex. 2002).  Here, based on Plaintiffs' allegations, it is clear that if he were to prevail on all claims, the amount awarded, exclusive of interest and costs, would exceed $75,000.

9.      There is complete diversity and therefore this Court has jurisdiction over this matter based on diversity of citizenship.  *See* 28 U.S.C. §§ 1332 and 1441(b).

## MISCELLANEOUS

10.      Pursuant to Rule 6(a) of the Federal Rules of Civil Procedure and 28 U.S.C. § 1446(b), this Notice of Removal is filed within thirty (30) days of Sun Life's receipt of service of the Citation and Petition, on December 22, 2016.

11.     The United States District Court for the Southern District of Texas, Houston Division, is the federal judicial district and division encompassing the State Court where Plaintiff originally filed this suit.

12.     Accordingly, the present lawsuit may be removed from the State Court to the United States District Court for the Southern District of Texas, Houston Division, pursuant to 28 U.S.C. §§ 1332(a)(2) and 1441(a).

13.     Pursuant to the provisions of 28 U.S.C. § 1446, a true and correct copy of the Notice of Filing Notice of Removal to the State Court is attached hereto.

14.     If any question arises as to the propriety of the removal of this action, Sun Life respectfully requests the opportunity to present a brief and oral argument on support of its position that this cause is removable.

WHEREFORE, notice is hereby given that this action is removed from the State Court to the United States District Court for the Southern District of Texas, Houston Division.

Respectfully submitted,

 */s/ Bill E. Davidoff*
Bill E. Davidoff
Texas State Bar No. 00790565
Federal I.D. No. 19513
bill.davidoff@figdav.com

FIGARI + DAVENPORT, LLP
901 Main Street, Suite 3400
Dallas, TX 75202
Tel:  214.939.2000
Fax:  214.939.2090

ATTORNEYS FOR DEFENDANT SUN LIFE ASSURANCE COMPANY OF CANADA

## CERTIFICATE OF SERVICE

      I hereby certify that on January 12, 2017, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to all parties who have appeared and registered with CM/ECF.

                                                    /s/ Bill E. Davidoff
                                                    Bill E. Davidoff